Wayne ADAIR; Michael J. Allen; Robert Balkema; Michael Brewer; Rex D. Caldwell; Donald J. Carroll; David M. Crandall; Gary M. Eggleston, Jr.; Patrick H. Gallagher; Bradley L. Gilmore, Phillip G. Goguien, Donald T. Halgren, John Halsip, John E. Herrling, Bruce Howell, Bernard A. Kaopuiki, Jack Keesee, Jr., Kevin D. Keyes, James B. Kissinger, Richard A. Krebs, Charles E. Lackey, William H. Laurenson, Donald E. Lousberg, Bryan McNaghten, Michael J. Murray, Eric Olsen, Allan O'Neill, Steven Oskierko, Kevin M. Ouimet, Charles L. Pierce, Sean T. Riley, Scott A.S. Robertson, Randy F. Rogers, Donna E. Rorvik, Rochard N. Seibert, Duane Steward, Benedict L. Sumaoang, Michael J. Ursino, Terry S. Whalen, and all other similarly situated employees; James P. Herring, Plaintiffs–Appellants,

v.

CITY OF KIRKLAND, a Municipal corporation, Defendant–Appellee.

No. 00–35690.

D.C. No. CV–96–01508–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided July 19, 2001.

Before B. FLETCHER, BRUNETTI and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The City claims that the officers' current overtime gap time claims are barred by the law of the case. This argument is based on a

## MEMORANDUM *

Appellant Wayne Adair and other Kirkland City police officers appeal the district court's judgment for the City of Kirkland on their claims that the City violated the Fair Labor Standards Act ("FLSA") by refusing to compensate them for time spent in pre-shift briefings. In accordance with our decision and mandate in *Adair v. City of Kirkland*, 185 F.3d 1055 (9th Cir. 1999), the narrow issue before the court at trial was whether the salary defined in the collective bargaining agreement ("CBA") between the City and the officers was intended to compensate the officers for pre-shift briefing time.[1] The district court entered judgment for the City after concluding that the officers' salary, as set forth in the CBA, compensated the officers for the contested pre-shift briefing time. The officers timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the judgment of the district court.

The officers contend the district court erred when it found that the salary under the CBA was intended to compensate them for time spent in pre-shift briefings. In support of their position, the officers assert that (1) the district court erred when it excluded evidence of time spent preparing for the briefings; (2) the actual terms of the CBA, as well as surrounding circumstances, establish that the term "salary" was not intended to cover the pre-shift briefing time; and (3) the CBA violated the FLSA by failing to include an explicit statement of the specific number of hours that the salary was intended to cover.

misreading of this Court's mandate in the previous opinion in this case. We previously determined that the officers' *pure* gap time claims were waived. We did not, however, address the issue of the officers' *overtime* gap time claims. Accordingly, the law of the case does not bar the officers' current claims.

First, the district court did not abuse its discretion when it excluded the officers' evidence regarding time spent preparing for pre-shift briefings. Such evidence was of little relevance to the question of whether the officers' salary covered actual briefing time. Additionally, all of the officers' claims relating to time spent preparing for the briefings had been settled and released prior to trial.

Second, we affirm the district court's interpretation of the term "salary" as set forth in the CBA. After reviewing the record, we conclude that the district court properly applied state law contract principles and relied on extrinsic evidence, including the officers' failure to request additional compensation for briefing time, to determine that the parties intended the salary to cover the briefing time as part of the officers' normally scheduled work day.

Finally, we conclude that the CBA did not violate the FLSA by not designating a specific number of hours which the salary was intended to cover. The FLSA clearly allows workers to be paid by salary for a fixed number of hours. 29 C.F.R. § 778.109. It does not, however, mandate any particular method of agreeing upon, establishing or memorializing the number of hours which the salary is intended to compensate. *Id.*; 29 C.F.R. § 778.113. Accordingly, the CBA's definition of salary coverage by reference to the "normal day," rather than a specific number of hours, did not violate the FLSA.

AFFIRMED.